Filed 12/9/13  P. v. Gonzales CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C074071 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF123417) |
| v. | |
| JOHN MANUEL GONZALES, | |
| Defendant and Appellant. | |

Appointed counsel for defendant John Manuel Gonzales has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We order the preparation of an amended abstract of judgment to correct a clerical omission and affirm the judgment.

---

[1] Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Defendant was the passenger in a car stopped on August 28, 2012, for having an expired registration. The officer approaching the passenger side could smell marijuana being emitted from the open window. Defendant said he had smoked marijuana but was unable to produce the prescription card he claimed to have. When defendant stepped out of the car at the officer's request, plastic baggies were sticking out of his pants pocket; one of them contained 1.30 grams of methamphetamine.

Defendant pleaded no contest in Yolo County case No. CRF123417 to transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)) and admitted he had a prior serious felony conviction within the meaning of Penal Code section 667, subdivisions (c) and (e)(1). In exchange for his plea, it was stipulated defendant would be sentenced to a five-year prison term (which included a term on a separate case), and several separate cases, an additional charge, and an enhancement were dismissed.

The trial court sentenced defendant to the low term of two years for transportation of methamphetamine, doubled for the strike, and a consecutive one year (one-third the midterm) for battery with serious bodily injury in Yolo County case No. CRF091513, for an aggregate term of five years in state prison. The trial court ordered defendant pay a $240 restitution fine and awarded 213 days of custody credit in Yolo County case No. CRF123417, and confirmed a previously ordered $200 restitution fine and awarded 248 days of custody credit in Yolo County case No. CRF091513.

Defendant appealed. He did not obtain a certificate of probable cause. (Pen. Code, § 1237.5.)

We note a clerical omission that requires correction. As stated, the trial court awarded custody credits as follows: 107 actual days and 106 conduct days for a total of 213 days of custody credit in Yolo County case No. CRF123417, and 124 actual days and

124 conduct days for a total of 248 days of custody credit in Yolo County case No. CRF091513.  These conduct credits were omitted from the abstract of judgment.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment that reflects the custody credits awarded to defendant on each case and to forward a certified copy thereof to the Department of Corrections and Rehabilitation.

                              RAYE            , P. J.

We concur:

        NICHOLSON      , J.

        HOCH           , J.

3